UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00292

**Aaron Eugene Simmons et al.,**
*Plaintiffs,*

v.

**Officer V. Polk et al.,**
*Defendants.*

### ORDER

Plaintiffs Aaron Simmons and Robbie Free, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit seeking money damages from law-enforcement officers and the Tyler Police Department for an alleged illegal stop, search, and detention in the course of a traffic stop on March 20, 2024. Doc. 1. The case was referred to a magistrate judge. Doc. 4. On January 8, 2025, the magistrate judge issued a report and recommendation that plaintiffs' claims against the Tyler Police Department be dismissed without prejudice. Doc. 12. Plaintiffs filed timely objections. Doc. 16.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

Plaintiffs object to the dismissal of the Tyler Police Department from this action because "the department provides the necessary tools and training for traffic stops." Doc. 16. As the magistrate judge explained, the Tyler Police Department is not a proper party to this suit because it is a non-jural entity. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313–14 (5th Cir. 1991); *Crull v. City of New Braunfels, Texas*, 267 F. App'x 338, 341–42 (5th Cir.

2008) (unpublished) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department."). To the extent plaintiffs desire to bring a claim for failure to train, they would need to bring such a claim against the City of Tyler pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiffs' complaint alleges no such claim. Doc. 1.

Accordingly, plaintiffs' objections are without merit and thus overruled. The report and recommendation (Doc. 12) is accepted. Fed. R. Civ. P. 72(b)(3). Plaintiffs' claims against the Tyler Police Department are dismissed without prejudice. The clerk is directed to terminate the Tyler Police Department from this case.

*So ordered by the court on June 17, 2025.*

J. CAMPBELL BARKER
United States District Judge