UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

————

No. 6:24-cv-00292

————

**Aaron Eugene Simmons et al.,**
*Plaintiffs,*
v.
**Officer V. Polk et al.,**
*Defendants.*

————

**O R D E R**

Plaintiffs Aaron Simmons and Robbie Free, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit seeking money damages from law-enforcement officers and the Tyler Police Department for an alleged illegal stop, search, and detention during a traffic stop on March 20, 2024. Doc. 1. The case was referred to a magistrate judge. Doc. 4. Previously, this court dismissed the claims against the Tyler Police Department. Doc. 41. The parties have now filed cross-motions for summary judgment on the issue of qualified immunity as to the officers. Docs. 24, 29. On April 7, 2025, the magistrate judge issued a report and recommendation that plaintiffs' motion (Doc. 24) be denied and defendants' motion (Doc. 29) be granted, finding that defendants are entitled to qualified immunity. Doc. 34. Plaintiffs filed timely objections to the report and recommendation. Doc. 35.

The court reviews the objected-to portions of a report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

Plaintiffs object that Dino, the K9 used to sniff outside their car during the traffic stop, did not actually alert. They suggest that Dino did not sit and that he is only trained to alert for marijuana, ecstasy, methamphetamine, and cocaine, while plaintiffs had K2 in the car. Doc. 35. These assertions, however, are meritless.

The video from defendant Polk's car dashcam and defendant Tarrant's bodycam shows that Dino sat and alerted on both the driver's side and the passenger side of the vehicle. Doc. 29-2 at 34:20–40; Doc. 29-4 at 1:08–12. Furthermore, K2 is synthetic marijuana, an odor Dino is undisputedly trained to detect. Doc. 29-1 at 8. Plaintiffs' challenge to Simmons's detention and Free's arrest centers on their assertion that Dino never gave a positive alert. Doc. 35 at 2. Because this argument is inconsistent with the undisputed evidence of the record, the objection is without merit.

Plaintiffs also suggest that Free was intimidated into telling the officers about K2 being in the car. Again, this argument contradicts the undisputed evidence. Upon the positive alert from Dino, plaintiffs were placed into handcuffs and Free volunteered that she was going to be "honest" and let the officers know that she had smoked K2 and had some in a tin can in her bag in the car. Doc. 29-4 at 1:10–50.

There is no indication that this admission was the product of coercion or intimidation by the officers. *See United States v. Cardenas*, 410 F.3d 287, 295 (5th Cir. 2005) ("Such basic police procedures as restraining a suspect with handcuffs have never been held to constitute sufficient coercion to warrant suppression."); *see also United States v. Casby*, No. 2:11-cr-00130, 2013 WL 3007166, at *14 (E.D. La. June 14, 2013) (noting that "police officers do not coerce a suspect simply by encouraging him to tell the truth" (citing *United States v. Ballard*, 586 F.2d 1060, 1063 (5th Cir. 1978)). Indeed, Free's statement appears to be a gratuitous admission made prior to the search of the vehicle after Dino had made two positive alerts. Plaintiffs also fail to explain how Free's admission affected the progress or outcome of the investigation because the officers were already aware that

some illicit substance was present in the car based on Dino's alerts.

Considering the record, the court finds that plaintiffs' objections are without merit and that defendants are entitled to qualified immunity. Accordingly, the report and recommendation (Doc. 34) is adopted. Defendants' motion for summary judgment (Doc. 29) is granted and plaintiffs' motion for summary judgment (Doc. 24) is denied. Plaintiffs' claims against defendants Polk and Tarrant are dismissed with prejudice as the officers are entitled to qualified immunity. Any pending motions are denied as moot.

*So ordered by the court on July 1, 2025.*

J. CAMPBELL BARKER
United States District Judge